# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF VIRGINIA

## Alexandria Division

| | |
|---|---|
| Samuel Louis Bassett, ) | |
|     Petitioner, ) | |
| ) | |
| v. ) | 1:15cv1653 (TSE/JFA) |
| ) | |
| Karen Brown, ) | |
|     Respondent. ) | |

## MEMORANDUM OPINION

Samuel Louis Bassett, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the decision by the Virginia Parole Board to deny him discretionary parole. The petition initially was filed in the United States District Court for the Western District of Virginia and was transferred to this district by an Order entered on December 15, 2015. The matter is now before the Court on respondent's Motion to Dismiss the petition, which was filed along with a supporting memorandum of law and exhibits on October 3, 2016. (Dkt. No. 16-17) Petitioner was provided with the notice required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) and Local Rule 7(J), and he submitted his Opposition to Memorandum in Support on November 9, 2016. (Dkt. No. 18-19) Accordingly, the matter is now ripe for disposition. For the following reasons, respondent's Motion to Dismiss must be granted, and the petition must be dismissed.

In January and March, 1995, petitioner was sentenced in the Petersburg Circuit Court to serve an aggregate of 65 years, 16 months and 20 days in the Virginia Department of Corrections ("VDOC") for malicious wounding, firearms charges, a parole violation, and five counts of robbery. Pet. at 1. On September 29, 1995, VDOC informed petitioner in a Legal Update that he

had been determined to be ineligible for discretionary parole for those offenses. (Dkt. No. 15, Ex. B at 60-61)[1] Petitioner never appealed this determination to the Virginia Parole Board, but in 2014 he filed a petition for a writ of habeas corpus contesting his discretionary parole ineligibility status in the Circuit Court of the County of Southampton. His petition was denied and dismissed on January 15, 2015. Bassett v. Brown, Case No. CL14-560. (Dkt. No. 15, Ex. B at 105-06) The Supreme Court of Virginia subsequently refused petitioner's appeal of that result. Bassett v. Brown, R. No. 150332 (Va. Oct. 14, 2015); id. at 118.

In this petition for a writ of habeas corpus pursuant to §2254, petitioner argues that the determination of his parole ineligibility by the Virginia Parole Board and VDOC (1) is unlawful because his crimes were part of a common transaction or scheme as that term is defined under Virginia law, and (2) violated his right to due process. (Dkt. No. 1, Ex A) Respondent has moved to dismiss the petition on several grounds, among which is the dispositive contention that petitioner's claims are not redressable in this § 2254 proceeding.

Bassett is not entitled to the federal habeas corpus relief he seeks because his petition raises only issues of state law. "A state prisoner is entitled to relief under 28 U.S.C. § 2254 only if he is held 'in custody in violation of the Constitution or laws or treaties of the United States.'" Billotti v. Legursky, 975 F.2d 113, 119 (4th Cir. 1992) (quoting Engle v. Isaac, 456 U.S. 107, 119 (1982)). Thus, questions of state law that do not implicate federal rights are not cognizable

---

[1]Petitioner initially was received by VDOC on December 23, 1981. (Dkt. No. 15, Ex. A) He was released on mandatory parole on January 18, 1994, arrested for violating his parole on March 11, 1994, and returned to VDOC jurisdiction on April 21, 1995. (Dkt. No. 15, Ex. B at 59) The Legal Update informed him that "under the provisions of Va. Code Section 53.1-151 [he was] ineligible for discretionary parole on all sentences which were imposed after being released on parole which were committed on or after 7-1-82." Id. at 60.

on federal habeas review under § 2254. Id. (citing Inge v. Procunier, 758 F.2d 1010, 1014 (4th Cir. 1985)). A state prisoner's eligibility for parole is a question of state law that is not subject to federal review. Ramdass v. Angelone, 187 F.3d 396, 407 (4th Cir. 1999). While petitioner invokes his federal constitutional right to due process in his petition, his claim in fact rests solely on interpretation of the applicable provisions of the Virginia Code.

It is well established that an inmate has no constitutional right to be paroled prior to the expiration of a valid sentence. See Greenholtz v. Inmate of Nb. Penal & Corr. Complex, 442 U.S. 1, 7 (1979). Here, petitioner states that he is serving a sentence of over 65 years imprisonment that was imposed approximately 22 years ago. Thus, at present, he has no constitutional right to be paroled. Moreover, the United States Supreme Court has noted that "the validly sentenced prisoner who shows only that the State made a procedural error in denying discretionary parole has not established a right to release, and so cannot obtain habeas relief – conditional or otherwise." Wilkinson v. Dotson, 544 U.S. 74, 86-7 (2005) (emphasis in original) (Scalia and Thomas, concurring). In this case, petitioner does not claim that his sentence or conviction is invalid. Rather, he takes issue only with the state procedures used to deny him discretionary parole. Because Bassett has no constitutional right to be released on parole, his petition is not cognizable on federal habeas review.[2]

---

[2]To the extent that petitioner's invocation of his right to due process might be broadly read to suggest that the denial of discretionary parole violated an enforceable liberty interest, his claim is still not cognizable in this proceeding. A due process challenge to a protected liberty interest, including a challenge to a state parole procedure, is not properly brought pursuant to 28 U.S.C. § 2254, but instead must be raised in an action brought pursuant to 42 U.S.C. § 1983. See Greenholtz v. Inmate of Nb. Penal & Corr. Complex, 442 U.S. 1 (1979); Garner v. Jones, 529 U.S. 244 (2000); Wilkinson v. Dotson, 544 U.S. 74 (2005).

For the foregoing reasons, respondent's Motion to Dismiss must be granted, and the petition must be dismissed, with prejudice. An appropriate Order shall issue.

Entered this 21 day of April 2017.

Alexandria, Virginia

/s/
T. S. Ellis, III
United States District Judge